IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON

February 17, 2005 Session

**ESTATE OF CHARLES THOMAS MCCRAW, Deceased v. JOAN LIKINS**

**An Appeal from the Chancery Court for Fayette County
No. P-3-325    Dewey C. Whitenton, Chancellor**

**No. W2004-01172-COA-R3-CV - Filed June 24, 2005**

This case involves codicils to a will. The decedent died testate. His will included one typed codicil and two handwritten codicils. The typed codicil, pursuant to a marital dissolution agreement, granted the decedent's former spouse a life estate in his real property with the remainder to their children, and devised all of the personal property to the children as well. The decedent later handwrote two codicils addressing the disposition of certain personal property and debts. After his death, the devisee under the handwritten codicils intervened in the probate proceedings to enforce the codicils. The trial court ruled that the handwritten codicil addressing the personal property violated the marital dissolution agreement and was therefore invalid. It held that the codicil addressing the debt did not violate the marital dissolution agreement and that the estate should pay for the debt, as set forth in the codicil. Other matters remained outstanding, and the trial court, under Tennessee Rules of Civil Procedure 54.02, made the order final. Because the outstanding matters could render this Court's ruling moot, we find that the order was improvidently made final and dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal is Dismissed and Cause is Remanded**

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S. and DAVID R. FARMER, J., joined.

Thomas M. Minor, Somerville, for petitioner/appellant Estate of Charles Thomas McCraw, deceased, Beverly McCraw, Executrix

Lee S. Saunders, Somerville, for respondent JoAn Likins

**OPINION**

In 1969, Charles Thomas McCraw ("Decedent") executed a will leaving his entire estate to his wife at that time, Beverly McCraw ("McCraw"), and naming McCraw executrix of his estate. The Decedent and McCraw divorced in 1994, and executed a marital dissolution agreement ("MDA"). As required under the MDA, the Decedent executed a typed codicil to his will, giving McCraw an

irrevocable life estate in his real property, with the remainder to their children, and transferring his personalty to their children as well.

Decedent died on July 6, 2000. A copy of his will, which included the typed codicil, was admitted to probate by order dated September 29, 2000. The order named his former wife McCraw as executrix.

On September 8, 2000, Jo An Likins ("Likins"), the Decedent's fiancé, petitioned the court to admit into probate two holographic codicils to Decedent's will, dated May 22, 1999, and June 30, 2000. The writing dated May 22, 1999 granted ownership of an ATV (four-wheeler) to Likins "[i]n case of my demise or incapacity."[1] The writing dated June 30, 2000 stated that "[o]ur loans [the loans of the Decedent and Likins] are to be paid by my estate."[2] Both writings were signed by the Decedent. The loans referred to in the second codicil were joint loans in the name of the Decedent and Likens, taken out to purchase real estate located in Fayette County, Tennessee.

On November 1, 2001, McCraw filed a response asserting that the writings fail to meet the requirement of Tennessee Code Annotated §32-1-101, et seq.,[3] and that they conflicted with the terms of the divorce decree, which prohibited the Decedent from altering the terms of his will. The relevant portion of the MDA stated that "Husband agrees and contracts that he shall immediately re-draft and revise his Last Will and Testament to give Wife an irrevocable life estate in all Husband's realty, with fee vesting irrevocably in the parties' children, and that all Husband's personalty shall be irrevocably transferred directly to the parties' children." The Decedent incorporated the language of the MDA into his will by a codicil dated January 17, 1995.

The handwritten codicils were admitted to probate by an order dated April 5, 2002. The order stated that the issue of whether the codicils violated the MDA was reserved for a later hearing.

---

[1]The March 22, 1999 codicil read:

Happy Birthday
In case of my demise or incapacity - this unit belongs to JoAn Likins.
5/22/99
/s/ Dr. Charles McCraw

[2]The June 30, 2000 codicil read:

Dear John Shelton and Lee
Please take care of JoAn and Johna.
My kids and there [sic] Mother will not.
Please know I love them with all my heart.
Our loans are to be paid by my estate.
Thank you
/s/ Dr. Charles McCraw

[3]T.C.A. § 32-1-101 et. seq. sets out the requirements for valid wills in Tennessee.

Shortly thereafter, in July 2002, McCraw filed a Complaint to Contest Holographic Codicils, asserting lack of testamentary capacity and undue influence. McCraw alleged that the codicils were invalid because the Decedent was of unsound mind at the time of the writing and was unduly influenced by Likins, the sole beneficiary of the codicils.

In May 2002, Likins filed a Motion For Declaratory Judgment and to Quiet Title in Real Property. In the motion, Likins alleged that McCraw had taken the position that the Decedent's estate was the half owner of Likins' real property located in Fayette County, Tennessee. Likins sought a declaratory judgment that she was the sole owner of the real property. In response, McCraw filed a motion to dismiss Likins' claim, asserting that Likins' motion was invalid for failure to join an indispensable party, and insufficiency of process. In the alternative, McCraw sought to clarify the pleadings.[4]

By order dated September 6, 2002, the chancery court ruled that the codicil dated May 22, 1999, by attempting to dispose of the Decedent's personal property, violated the MDA, and that Likens' claim under that codicil should be denied. As to the codicil dated June 30, 2000, however, the trial court held that it did not violate the MDA. The trial court noted that the MDA made no provision for the Decedent's debts, and, as a result, the statement "[o]ur loans are to be paid by my estate" did not conflict with the MDA. Therefore Likens' claim under that codicil was allowed. Likins asserted that, pursuant to the 2000 codicil, the Decedent intended to pay off the two loans on the real property owned by Likins, for which Likins and the Decedent were jointly liable. At some point during the proceedings, the Decedent's estate ("Estate") paid off one of the two loans.

Both parties then petitioned the trial court to alter or amend the September 6, 2002 order, and McCraw also requested permission for an interlocutory appeal. The trial court denied both parties' motions to alter or amend and denied McCraw's request for interlocutory appeal. The same order also granted the Estate a lien on Likins' property, in order to secure reimbursement of the amount paid on the joint promissory note if the Estate was later found to be entitled to contribution from Likins on the loan. The order stated that it was not a final order. Likins later filed a Motion to Dissolve Lien, asking the trial court to remove the lien from her real property.

Finally, on April 12, 2004, the trial court entered an order denying Likins' Motion to Dissolve Lien. Further, the order made final the September 6, 2002 order, pursuant to Tennessee Rule of Civil Procedure 54.02.[5] The Estate now appeals, asserting that the trial court erred in finding that the June 30, 2000 codicil did not violate the MDA and that the Estate was obligated to pay the promissory notes signed by Likins and the Decedent.

---

[4]In addition to the other motions, in July 2002, McCraw filed a complaint against Likins and her mortgage holder, asking the court to partition the real property. McCraw later filed a voluntary non-suit, dismissing the claim against Likins and her mortgage holder.

[5]The trial court declared the order a final order pursuant to Tennessee Rule of Civil Procedure 54.01 instead of Rule 54.02. This was obviously a clerical error.

-3-

As a threshold issue, Likins asserts that the appeal should be dismissed. Likins notes that, under the Tennessee Rules of Appellate Procedure, this Court may hear an appeal only from a final judgment entered by a trial court.[6] Likins contends that the order from which the Estate appeals adjudicates fewer than all of the claims and thus is not final and not appealable.

The trial court, in its April 12, 2004 order, declared the September 6, 2002 order final, pursuant to Rule 54.02 of the Tennessee Rule of Civil Procedure. By this process, the trial court may make appealable an order which otherwise would not be appealable because all of the claims or rights or liabilities of the parties have not been adjudicated. Under the language in Rule 54.02, the trial court makes an express determination "that there is no just reason for delay." However, after a review of the record, we find that McCraw's July 2002 Complaint to Contest Holographic Codicils was not resolved by the trial court. This complaint alleged that the codicils were not valid because the Decedent was of unsound mind at the time of the writing and was unduly influenced by Likins. If the trial court were to find that the codicils were not valid, our ruling in this appeal would be rendered moot. Moreover, the trial court has not ruled on Likens' Motion For Declaratory Judgment and to Quiet Title in Real Property. The effect that a ruling on this motion would have on this appeal is unclear from the record. Under these circumstances, it appears that the trial court erred in finding that "there is no just cause for delay," and that the September 6, 2002 order was improvidently made final under Rule 54.02. *See Rector v. Halliburton*, No. M1999-02802-COA-R3-CV, 2003 WL 535924, at*3 (Tenn. Ct. App. Feb. 26, 20003) (noting that the facts of this case, finalizing the judgment under Rule 54.02 was not proper because of the nature of the unresolved issues; however, the T.R.A.P. 3(a) requirement that the order be a final order was suspended in the interest of judicial economy); *Scott v. Yarbro*, No. M2004-00746-COA-R3-CV, 2005 WL 1412128 (Tenn. Ct. App. June 15, 2005).

Therefore, this appeal is dismissed. Costs of the appeal are taxed to the appellant, Estate of Charles Thomas McCraw, for which execution may issue, if necessary.



HOLLY M. KIRBY, JUDGE

---

[6]Rule 3 states:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedures, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicated fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a) (2004). *See also* Rule 10 of the Tennessee Rules of Appellate Procedure.